OPINION
{¶ 1} On January 9, 2002, the Stark County Grand Jury indicted appellant, Ronald Davis, on one count of theft in violation of R.C.2913.02(A)(3), a felony of the fifth degree. Said charge arose from appellant acquiring monies from his coworkers at the Hoover Company by deception. Appellant erroneously told his coworkers his sister had died in the World Trade Center attacks on September 11, 2001 and he was trying to attain legal custody of her daughter, his eight year old niece.
 {¶ 2} On March 15, 2002, appellant pled guilty to the charge. By judgment entry filed April 18, 2002, the trial court sentenced appellant to the maximum sentence of twelve months.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN IT IMPOSED A PRISON SENTENCE UPON THE APPELLANT IN VIOLATION OF THE REQUIREMENTS SET FORTH IN OHIO REVISED CODE SECTION 2929.13(B)(1)."
II
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN IT IMPOSED A MAXIMUM PRISON SENTENCE UPON THE APPELLANT IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14."
 {¶ 6} At the outset, we note R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} Appellant pled guilty to theft in violation of R.C.2913.02(A)(3), a felony of the fifth degree. R.C. 2913.02(B)(2). Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed April 18, 2002, the trial court sentenced appellant to the maximum sentence of twelve months.
 I {¶ 13} Appellant claims the trial court erred in sentencing him without the required findings pursuant to R.C. 2929.13(B)(1). We disagree.
 {¶ 14} As stated in R.C. 2929.11 and acknowledged by the trial court during the sentencing hearing (T. at 10), the "overriding purposes of felony sentencing are to protect the public from future crimes by the offender and others and to punish the offender." Further, R.C. 2929.12(A) states the following:
 {¶ 15} "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 16} R.C. 2929.12(B) lists a litany of factors to be considered, and admittedly, the trial court did not specifically find any of the factors to be present. However, said section states a sentencing court shall consider "any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." Furthermore, R.C. 2929.13 provides further guidance involving fourth and fifth degree felonies. Subsection (B)(1)(d) states in pertinent part:
 {¶ 17} "* * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether * * * [t]he offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others."
 {¶ 18} During sentencing, appellant and his trial counsel admitted that appellant "betrayed the confidence" of his coworkers by perpetrating a "fabrication" upon them. T. at 4-5, 6-8. The trial court acknowledged appellant's betrayal of the confidences of his coworkers. T. at 12. Arguably, this finding can fall under the factor enumerated in R.C.2929.13(B)(1)(d). However, we find it is not necessary to stretch to this conclusion. Under R.C. 2929.12(B), the trial court is empowered to consider "any other relevant factors." The drafters of the sentencing law provided this fail-safe provision for unusual circumstances such as those that arose from this crime. Appellant preyed upon the sympathy of his coworkers for his own gain. No one, least of all, the drafters of the sentencing law, could have fathomed the horror, shock and devastation of September 11, 2001. Therefore, just as our Constitution expands and contracts under the changing American landscape, so too does the felony sentencing statute. By providing the language "any other relevant factors," the drafters chose to permit trial courts to look outside the enumerated factors of R.C. 2929.12(B) to accommodate the unthought of, or in this case, the unfathomable.
 {¶ 19} Upon review, we find the following recitation of the facts of this case by the trial court during the sentencing hearing fulfills the requirements of R.C. 2929.12(B):
 {¶ 20} "Basically Mr. Davis, in the aftermath of this nation's worst tragedy on American soil and at the hands of terrorists you engaged in the elaborate lie which even included the manufacturing of a letter from a nonexistent New York law firm.
 {¶ 21} "So it wasn't simply that you told a lie. You told a lie and then you devised a scheme whereby you kept the lie going.
 {¶ 22} "You preyed upon the sympathy and emotions of your very caring and generous co-workers. You deceptively sought personal gain in the aftermath of this national tragedy.
 {¶ 23} "I cannot think of a more despicable act of deception. And as your attorney pointed out, indeed, you did betray the confidence of your co-workers." T. at 11-12.
 {¶ 24} In so stating, the trial court fulfilled R.C. 2929.12(B) and properly fulfilled its duty under R.C. 2929.13(B)(2)(a) which states as follows:
 {¶ 25} "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 26} The findings of unamenability are included in the trial court's findings. The trial court found until the sentencing hearing, appellant "has shown no remorse for this offense" and when interviewed by state probation, failed to acknowledge the depth of the deception by indicating "this matter has simply been blown out of proportion." T. at 10.
 {¶ 27} Assignment of Error I is denied.
 II {¶ 28} Appellant claims the trial court erred in imposing the longest prison sentence available for the offense charged. We disagree.
 {¶ 29} R.C. 2929.14(C) permits the sentencing court to impose the longest prison term only upon offenders "who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 30} The offense sub judice involved the theft of money, $1,600.00. Generally, a theft offense is classified as a non-violent offense, the only effect being economic loss to the victim. However, in this case, appellant seized upon the tragedy of September 11, 2001, a tragedy that brought our nation to a halt, rekindled patriotism and caused all Americans to open their hearts and pocketbooks to the victims and their families. By seizing on such a tragic event and the emotions of all Americans who sought out a way to help, appellant truly expanded the crime of theft to its lowest and most egregious level.
 {¶ 31} Although the crime appears to have simply deprived appellant's coworkers of money, it went much further. The crime in this case preyed upon the sympathies of American workers which, because of the deception, ultimately created feelings of doubt and mistrust in one's peers. We concur with the trial court this case involved "the worst form of the offense" of theft.
 {¶ 32} Assignment of Error II is denied.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: sentencing on theft offense — max. 12 mos.